IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LISA FRANKEL, Individually and as the Personal Representative of THE ESTATE OF ALBERT FRANKEL, and BETHANY FRANKEL, | : : : : : | C.A. No. |
| | : | JURY TRIAL DEMANDED |
| Plaintiffs, | : : | |
| v. | : : | |
| JNJ EXPRESS, INC. and BRIAN KEITH WINNINGHAM | : : | |

**DEFENDANTS BRIAN K. WINNINGHAM AND
JNJ EXPRESS, INC.'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE:

Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendants, JNJ Express, Inc. and Brian Keith Winningham ("Removing Defendants"), by and through counsel, give Notice of Removal of this action from the Superior Court of the State of Delaware, to the United States District Court District of Delaware and in support thereof, states as follows:

**REMOVAL IS TIMELY UNDER 28 U.S.C. §1446**

1. This action was initially commenced by Plaintiffs, Lisa Frankel, Individually and as the personal representative of The Estate of Albert Frankel, and Brittany Frankel, in the Superior Court of the State of Delaware. (See Plaintiffs' Complaint, attached as **Exhibit "A"**).

2. The Notice of Removal is being filed within 30 days after receipt by Removing Defendants where the complaint was served on JNJ Express, Inc. and Brian Keith Winningham according to Proof of Service filed on or about November 8, 2019, and is thus removable in accordance with 28 U.S.C. § 1446(b)(3). (See Proof of Service, attached as **Exhibit "B"**).

3. Pursuant to 28 U.S.C. §1446(b)(d), upon filing of this Notice of Removal, Removing Defendants will file a Notice of Removal in the State Court action pending in the Superior Court of the State of Delaware, and will provide written notice to Plaintiff. (See State Notice of Filing of Notice of Removal, attached as **Exhibit "C"**).

4. At all material times, Plaintiffs, Lisa Frankel, Individually and as the personal representative of The Estate of Albert Frankel, and Brittany Frankel, were and are citizens of the State of Delaware. (**Ex. A**).

5. At all material times, Defendant JNJ Express, Inc. was and is a citizen of the State of Tennessee, with its principal place of business in Memphis, Tennessee. (**Ex. A**).

6. At all material times, Defendant Brian Keith Winningham is an individual with his principal residence in Fairmont, North Carolina. (**Ex. A**).

7. Federal courts have diversity jurisdiction over a claim where there is complete diversity among the parties and the amount in controversy exceeds the jurisdictional minimum of $75,000. *Spectacor Mgmt. Group v. Brown*, 131 F.3d 120 (3d Cir. 1997).

8. To determine the amount in controversy the amount is determined from all good faith allegations which appear on the face of the complaint. *Id.* at 122.

9. If, after reviewing the allegations in the complaint it is determined at the amount in controversy is ambiguous, "the court must conduct its own independent appraisal of the allegations to determine whether the value of claims exceeds the jurisdictional amount." *Aloise v. Giant of Maryland,* 2013 U.S. Dist. LEXIS 42198, at *3 (D. Del). The value is determined, not from a low end reading of an open-ended claim, but instead from a reasonable valuation of the rights being litigated. *Id.,* at *4, see also, *Kaufman v. Allstate Ins. Co.,* 561 F.3d 144 (3d Cir. 2009), (In which plaintiffs' opened-ended allegations in a coverage action sought several

categories of damages, including punitive damages which the court held met the jurisdictional limits for the federal jurisdiction).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. Plaintiffs' Complaint seeks recovery for damages for severe personal injuries arising out of a motor vehicle accident allegedly resulting in the death of Albert Frankel. (**Ex. A**).

11. Plaintiffs claim that Removing Defendants are legally responsible for the death of Mr. Frankel.  (**Ex. A**).

12. Plaintiffs further allege that they are entitled to recovery of several categories of damages including, but not limited to, Mr. Frankel's conscious pain and suffering, lost wages, funeral costs, loss of consortium and spousal support, spousal and parental guidance, affection and companionship, mental anguish and emotional damages, plus interest and costs of suit. (**Ex. A**).

13. Plaintiffs further seek punitive damages against Removing Defendants. (**Ex. A**).

14. As such, the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, required by 28 U.S.C. §1332(a).

## DIVERSITY JURISDICTION IS SATISFIED

15. Based upon the above, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 in that Plaintiffs' Complaint presents a case where the amount in controversy is alleged to exceed $75,000 and the controversy exists between citizens of different states.

16. Removing Defendants will promptly file a copy of this Notice with the Clerk of the Superior Court of the State of Delaware as required by 28 U.S.C. §1446(d) and provide written notice to Plaintiff.

17.     In filing this Notice of Removal, Removing Defendants do not waive any defenses that may be available to them.

18.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, JNJ Express, Inc. and Brian Keith Winningham pray that the above captioned action now pending in the Superior Court of the State of Delaware in and for New Castle County, be removed therefrom to this Honorable Court.

**SALMON, RICCHEZZA, SINGER & TURCHI, LLP**

/s/ Justin P. Callaway
Justin P. Callaway, Esquire (DE ID #4974)
222 Delaware Avenue, 11th Floor
Wilmington, Delaware 19801
Phone:  (302) 655-4290
Fax:  (302) 655-4291
*Attorney for Defendants JNJ Express,
Inc. and Brian Keith Winningham*

Date:  November 25, 2019