# EXHIBIT A

EFiled: Oct 25 2019 12:10PM EDT
Transaction ID 64352289
Case No. N19C-10-211 SKR

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| LISA FRANKEL, Individually and as the Personal Representative of THE ESTATE OF ALBERT FRANKEL, and BETHANY FRANKEL, <br><br> Plaintiffs, <br><br> v. <br><br> JNJ EXPRESS, INC. and BRIAN KEITH WINNINGHAM, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. NO.: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff's Lisa and Bethany Frankel are residents of the State of Delaware.

2. Defendant Brian Keith Winningham is, upon information and belief, a resident of the State of North Carolina, currently residing at 701 South Main Street, Fairmont, North Carolina, 28340.

3. Defendant JNJ Express, Inc. (hereinafter "Defendant JNJ Express") is a corporation organized and/or existing by virtue of the laws of the State of Tennessee. Its Registered Agent for service of process is JG Law Firm, Gary E. Veazey, Esquire, 780 Ridge Lake Blvd., Suite 202, Memphis, TN 38120-9426. At all times relevant hereto, Defendant Winningham was operating a vehicle owned by and registered to Defendant JNJ Express.

## FACTS

4. On Tuesday, September 24, 2019, at approximately 4:56 p.m., Albert Frankel was operating his vehicle, a 2014 Nissan Sentra, in the right lane traveling southbound on Interstate 95, about a half-mile north of Delaware Route 72.

5. At the same time, Defendant Winningham ("Defendant") was operating a tractor trailer in the course and scope of his employment with Defendant JNJ Express, behind Albert Frankel.

6. Albert Frankel slowed his vehicle in response to traffic conditions.

7. Defendant, who was speeding, failed to slow the tractor trailer in relation to traffic conditions at the time and collided into the rear of Albert Frankel's vehicle.

8. The impact was so forceful and violent that it forced Albert Frankel across the median and into the northbound lanes of I-95.

9. Mr. Frankel died from his injuries ("Decedent").

## COUNT I

### Plaintiffs' Claims Against Defendant Brian Keith Winningham

10. Paragraphs 1 through 9 above are incorporated herein by reference.

11. The aforesaid collision was directly and proximately caused by the negligence of Defendant Winningham in that he:

(a) failed to exercise and maintain control of the vehicle at all times so as to keep it from colliding with another vehicle;

(b) operated the vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and without regard to the actual and potential hazards then existing, in violation of 21 Del. C. §4168(a);

(c) operated the vehicle with wilful and wanton disregard for the safety of others lawfully on the road, in violation of 21 Del. C. §4175(a);

(d) failed to operate the vehicle with regard for road, weather and traffic conditions, in violation of 21 Del. C §4176(a);

(e) failed to give full time and attention to the operation of the vehicle, and failed to maintain a proper lookout in violation of 21 Del. C. §4176(b);

(f) violated the common-law duty of look-out; and

(g) was otherwise negligent.

12. As a direct and proximate result of the aforesaid negligence of the Defendant, Decedent suffered mental anguish and anxiety, pain and suffering, and serious physical injuries resulting in his death.

13. Lisa Frankel, individually and as Personal Representative of the Estate of Albert Frankel, demands judgment against the Defendants for Decedent's horrific conscious pain and suffering, lost wages, and funeral costs.

01:25357719.1

14. As a further result of the death of her husband, Lisa Frankel has and will continue to suffer a loss of consortium, grievous mental anguish, pain, and suffering.

15. As a further result of the death of her husband, Lisa Frankel has and will continue to suffer the loss of her husband's support, guidance, affection and companionship.

16. Lisa Frankel demands judgment against Defendant for the loss of her husband's support, guidance, affection, companionship, and mental anguish resulting from her husband's death and for permanent emotional damage resulting therefore, as the Court will award, plus interest and court costs.

17. As a result of the death of her father, Bethany Frankel gave and will continue to suffer the loss of her father's parental guidance, affection, and companionship. As a result of the death of her father, she has and will continue to suffer grievous mental anguish, pain, and suffering.

18. Plaintiff Bethany Frankel demands judgment against Defendants for the loss of her father's parental guidance, affection, and companionship, for mental anguish resulting from her father's death, and for permanent emotional damages resulting therefore, plus interest and court costs.

WHEREFORE, Plaintiffs Lisa Frankel and Bethany Frankel demand judgment against Defendant Brian Keith Winningham for their general, punitive, and special damages, including pain and suffering, mental anguish, negligent infliction of emotional distress, the cost of this action, interest, and any other award the Court deems just and proper.

## COUNT II

Plaintiffs' Claims Against Defendant JNJ Express, Inc.

19. Paragraphs 1 through 14 above are incorporated herein by reference.

20. At the time of the afore-described collision, Defendant Winningham was an employee of Defendant JNJ Express. As a result, Defendant JNJ Express is lawfully responsible for the acts of Defendant Winningham pursuant to the doctrine respondeat superior.

21. The aforesaid collision was proximately caused by the negligence and/or gross negligence of the Defendant JNJ Express, in that it:

(a) hired Defendant Winningham when it knew or should have known that Defendant Winningham was unfit or incompetent to operate a commercial motor vehicle;

(b) retained Defendant Winningham when it knew or should have known that Defendant Winningham was unfit or incompetent to operate a commercial motor vehicle;

(c) failed to adequately train Defendant Winningham when it knew or should have known that Defendant Winningham was unfit or incompetent to operate a commercial motor vehicle; and

(d) failed to adequately supervise, monitor and control Defendant Winningham when they knew or should have known that Defendant Winingham was unfit or incompetent to operate a commercial vehicle.

22. As a direct and proximate result of the aforesaid negligence of the Defendant JNJ Express, Decedent suffered mental anguish and anxiety, pain and suffering, and serious physical injuries resulting in his death.

23. Lisa Frankel, individually and as Personal Representative of the Estate of Albert Frankel, demands judgment against the Defendants for Decedent's horrific conscious pain and suffering, lost wages, and funeral costs.

24. As a further result of the death of her husband, Lisa Frankel has and will continue to suffer a loss of consortium, grievous mental anguish, pain, and suffering.

25. As a further result of the death of her husband, Lisa Frankel has and will continue to suffer the loss of her husband's support, guidance, affection and companionship.

26. Lisa Frankel demands judgment against Defendants for the loss of her husband's support, guidance, affection, companionship, and mental anguish resulting from her husband's death and for permanent emotional damage resulting therefore, as the Court will award, plus interest and court costs.

27. As a result of the death of her father, Bethany Frankel gave and will continue to suffer the loss of her father's parental guidance, affection, and companionship. As a result of the death of her father, she has and will continue to suffer grievous mental anguish, pain, and suffering.

28. Plaintiff Bethany Frankel demands judgment against Defendants for the loss of her father's parental guidance, affection, and companionship, for mental anguish resulting from

her father's death, and for permanent emotional damages resulting therefore, plus interest and court costs.

WHEREFORE, Plaintiffs Lisa Frankel and Bethany Frankel demand judgment against Defendants jointly and severally for their general, punitive, and special damages, including pain and suffering, mental anguish, negligent infliction of emotional distress , the cost of this action, interest, and any other award the Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_[signature]_

Timothy E. Lengkeek (No. 4116)
Rodney Square
1000 N King Street
Wilmington, DE 19899-0391
(302) 571-6605
*Attorney for Plaintiffs*

Dated: October 25, 2019